UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 16-20808
        Honorable Linda V. Parker

TRANELL L. ADAMS,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF NO. 34)

Presently before the Court is Defendant Tranell Adams' motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c).

It is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who are 60 years of age or older or who have certain underlying medical conditions, like moderate-to-severe asthma. *Coronavirus Disease 2019 (COVID-19)*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html [hereinafter *Coronavirus Disease 2019*].

Defendant, who is 32 years old, claims to be at heightened risk of developing severe health complications if he contracts COVID-19 because he suffers from asthma and dyspnea. (ECF No. 34 at Pg. ID 115.)

A defendant may move for compassionate release under § 3582(c)(1)(A). Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990) (concluding that the burden of proving facts that could decrease a potential sentence fall upon the defendant); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

In the present case, Defendant has not satisfied this burden. Defendant presents no evidence supporting his claim that he suffers from asthma—much less a moderate or severe form—or any other condition that places him at heightened risk of a severe outcome if he contracts COVID-19. *See* (ECF No. 40 at Pg. ID

2

204 (showing that, during a medical visit on February 02, 2020, the doctor noted that Defendant did not display any respiratory distress)); *see also* (ECF No. 34-1 at Pg. ID 127 (showing that, during a medical visit in 2013, the doctor noted that Defendant's dyspnea had been resolved)); *Coronavirus Disease 2019* (dyspnea not listed as underlying medical condition).

Because Defendant has not shown that there is an "extraordinary or compelling reason," the Court need not address exhaustion or whether the factors in Section 3553(a) support compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion for Compassionate Release (ECF No. 34) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 8, 2020