UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 16-20808
        Honorable Linda V. Parker

TRANELL L. ADAMS, #55303-039

        Defendant.
_____/

**AMENDED OPINION & ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION REQUESTING A RECOMMENDATION FOR THE MAXIMUM AMOUNT OF HALFWAY HOUSE AND FOR APPOINTMENT OF COUNSEL (ECF NO. 50)**

On March 15, 2017, Defendant Tranell L. Adams pled guilty to one count of felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 17 at Pg. ID 32.) On June 28, 2017, this Court sentenced Defendant to 57 months of incarceration. (ECF No. 26 at Pg. ID 91.) On July 8, 2020, the Court denied Defendant's Emergency Motion for Compassionate Release, concluding that Defendant failed to show an "extraordinary or compelling reason." (ECF No. 49 at Pg. ID 310-11.) Presently before the Court is Defendant's Motion Requesting a Recommendation for the Maximum Amount of Halfway House and for Appointment of Counsel. (ECF No. 50.)

Pursuant to 18 U.S.C. § 3624, the Bureau of Prisons ("BOP") may place an inmate in a halfway house for no longer than twelve months at the end of his sentence.  The Court's role in an inmate's confinement is limited to making an appropriate recommendation, which has no "binding effect" on the United States Bureau of Prisons ("BOP").  *See* 18 U.S.C. § 3621(b).  Defendant is currently in the custody of the BOP at the Federal Correctional Complex in Oakdale, CA ("FCC Oakdale") and asks the Court to recommend that the BOP allow him to spend the last seven months of his sentence at a halfway house.  (ECF No. 50.)  He believes that such a placement is appropriate because FCC Oakdale has had "hundreds of confirmed cases of COVID-19 and 9 deaths" and maintains inadequate hygiene and safety measures.  (*Id.* at Pg. ID 313.)

After considering the nature and circumstances of the offense as well as Defendant's criminal history and other information on the record, the Court finds that Defendant may be an appropriate candidate for maximum halfway house placement, if Defendant's medical records suggest he has developed moderate or severe asthma or any other condition that places him at heightened risk of severe outcomes if he contracts COVID-19.  While the Court will grant this motion, it notes that the BOP likely has more complete and accurate information regarding Defendant's fitness for such placement and has the power to reach a different conclusion.  *See* 18 U.S.C. § 3621 ("Any order, recommendation, or request by a

sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.")

Defendant's motion for appointment of counsel is denied because Defendant does not articulate why this matter presents the kind of circumstance that would justify the appointment of counsel.  *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Accordingly,

**IT IS ORDERED** that Defendant's Motion Requesting a Recommendation for the Maximum Amount of Halfway House and for Appointment of Counsel (ECF No. 50) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 28, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 28, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager